IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SAMAR AKINS, | ) | 4:14CV3150 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BARB ALBERS, GRETCHIN | ) | |
| EURIE, KIMBERLY TAYLOR | ) | |
| RILEY, LYNN QUENZER, LIZ | ) | |
| EVERLY, and JOE KELLY, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Samar Akins filed his Complaint in this matter on July 29, 2014. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff brought this action against three State of Nebraska employees—Barb Albers, Gretchen Eurie, and Liz Everly—and two City of Lincoln, Nebraska, employees—Kimberly Taylor Riley and Lynn Quenzer. He also brought this action against Joe Kelly, who he alleges is "the County Attorney for the city of Lincoln." (Filing No. 1 at CM/ECF p. 3.) He alleges he is a convicted felon who has been unable to obtain housing because of his felony conviction. He discussed housing discrimination against felons with each of the Defendants, some of them on several occasions, and they each refused to assist him in advocating against housing discrimination. Plaintiff seeks money damages in the amount of $50,000.00 from each Defendant. (*Id.* at CM/ECF p. 4.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.,* 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See*, *e.g.*, *id.*; *Nevels v. Hanlon,* 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state employee defendants acting in their official capacity.

Plaintiff has sued three state employees—Albers, Eurie, and Everly—and seeks only monetary relief against them. To the extent he seeks to sue them in their official capacities, the Eleventh Amendment bars claims for damages by private parties against employees of a state sued in their official capacities.

In addition, Plaintiff's allegations do not give Defendants fair notice of the claims against them and do not state a plausible claim for relief. Plaintiff generally alleged Defendants failed to assist him in advocating against housing discrimination. He does not explain how Defendants' failure to assist him in this regard states a claim for relief. Separately, his Complaint is silent as to any actions taken by these individuals, with two exceptions. First, Plaintiff alleged Eurie "went to the extremes of denying [him] assistance in this area by obstructing the investigation process in the claims [he has] against two real[]ty compan[ies]." (Filing No. 1 at CM/ECF p. 2.) Second, Plaintiff alleged Riley "refused to allow [him] to file any claims with the Human Rights Commission" and "would not return [his] call." (*Id.* at CM/ECF pp. 2-3.) Plaintiff provides no facts in support of his assertions that Eurie obstructed an investigation and Riley did not allow him to file claims.

On the court's own motion, Plaintiff will have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his claims against Defendants. Plaintiff should be mindful to clearly explain what each Defendant did to him, when each Defendant did it, how each Defendant's actions harmed him, and what specific legal rights Plaintiff believes each Defendant violated.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims for monetary relief against Albers, Eurie, and Everly are dismissed.

2. Plaintiff shall have until 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states a claim upon which relief may be granted against Defendants in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, his claims against Defendants will be dismissed without further notice.

3. The clerk's office is directed to send to Plaintiff a copy of the civil complaint form.

4. The clerk's office is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on February 13, 2015.

DATED this 12th day of January, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.